IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:04-CR-338-BO
No. 5:17-CV-600-BO

| | |
|---|---|
| JEFFREY ALEXANDER SANDERS, ) | |
| Petitioner, ) | |
| ) | O R D E R |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. [DE 61]. The government has moved to dismiss the petition, [DE 65] and the matter is ripe for disposition. For the reasons discussed below, the government's motion to dismiss is granted and petitioner's motion is dismissed.

## BACKGROUND

Following a jury trial, petitioner was found guilty of conspiracy to distribute and possess with the intent to distribute more than 50 grams of cocaine base (crack), in violation of 21 U.S.C. § 846 (count one); distribution of more than 5 grams of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1) (counts two and three); and possession with the intent to distribute more than 5 grams of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1) (count four). On September 9, 2015, petitioner was sentenced to life in prison on count one, and 480 months' imprisonment on the remaining counts, concurrent. Petitioner appealed his sentence, and the Fourth Circuit affirmed the judgment. He first filed a § 2255 motion on June 20, 2016, but voluntarily dismissed it. The instant motion was filed on December 1, 2017. Petitioner alleges he is not a career offender, and the government failed to file required disclosures establishing that

during this trial. The government moved to dismiss the motion, arguing that petitioner's motion is untimely.

## DISCUSSION

First, the government moves to dismiss on the grounds that petitioner's § 2255 motion was filed outside of the time for filing provided in 28 U.S.C. § 2255(f). A motion under 28 U.S.C. § 2255 must be filed within one year of the latest of four triggering events: (1) the date the judgment of conviction becomes final; (2) the date on which an impediment to making a motion that is created by the government is removed; (3) the date the Supreme Court initially recognizes a right that is made retroactively applicable to cases on collateral review; or (4) the date on which new facts are discovered through the exercise of due diligence to support a claim. 28 U.S.C. § 2255(f)(1)-(4).

Petitioner's conviction became final on the date of entry of judgment by the Court of Appeals affirming his conviction. [DE 45]. Petitioner therefore had one year starting on August 28, 2006 to file a § 2255 motion. Petitioner's motion is based on alleged misconduct that occurred in the context of his jury trial, and he makes no allegation of a development in the facts or the law in the intervening time that could constitute a new triggering event. Accordingly, petitioner's motion must be dismissed as untimely.

### Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is

debatable and any dispositive procedural ruling dismissing such claims is also debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of the instant motions debatable, a certificate of appealability is DENIED.

CONCLUSION

Accordingly, for the foregoing reasons, respondent's motion to dismiss [DE 65] is GRANTED. Petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [DE 61] is DISMISSED. A certificate of appealability is DENIED. Petitioner's motion for judgment on the pleadings [DE 70] is also DENIED.

SO ORDERED, this 20 day of August, 2018.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE